IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL ACTION FILE |
| KENNETH PERRY, | NO. 1:16-CR-334-MHC-LTW |
| Defendant. | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Linda T. Walker [Doc. 24] recommending that Defendant's Motion to Suppress [Doc. 14] and Motion to Suppress Statements [Doc. 15] be denied. The Order for Service of the R&R [Doc. 25] provided notice that, in accordance with 28 U.S.C. § 636(b)(1) (2012), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Defendant filed his objections to the R&R [Doc. 26] ("Def.'s Objs.") on August 18, 2016.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and may accept the or recommendation if it is not clearly erroneous of contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The bulk of Defendant's objections call into question Judge Walker's findings that favored the credibility of FBI Special Agent Scott Warren over that of Defendant with respect to their testimony at the evidentiary hearing held on February 23, 2017. Def.'s Objs. at 1-5. According to Defendant, Judge Walker's

2

"arbitrary and capricious preference of Agent Warren's credibility over Defendant's credibility requires another evidentiary hearing." Id. at 4.

A district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings. United States v. Raddatz, 447 U.S. 667, 680-81 (1980); United States v. Thompson, 422 F.3d 1285, 1297 (11th Cir. 2008). "In evaluating the factual version of events between the law enforcement officer[ ] and [the defendant], we should defer to the magistrate judge's determination unless h[er] understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)).

Upon review of the transcript of the evidentiary hearing and the R&R, the Court finds that Judge Walker did not determine credibility solely on the status of the witnesses; moreover, the reasons given by Judge Walker for crediting the agent's testimony and finding Defendant's to be less than credible and inconsistent were reasonable. R&R at 9-11, 18-20. See United States v. Emanuel, 440 F. App'x 881, 883 (11th Cir. 2011) (according "substantial deference" to the credibility determinations made by the magistrate judge where the defendant "failed to show that the magistrate [judge]'s understanding of the facts is not plausible or permissible . . . ."); Ramirez-Chilel, 289 F.3d at 750 (holding that

3

district judge appropriately relied upon magistrate judge's credibility determinations where the magistrate judge "did not base his credibility determination solely on the 'status' of the witnesses, but rather weighed the testimony of all the witnesses, taking into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand."). This is not one of those "rare cases" in which the transcript of the evidentiary hearing presents an articulate basis for rejecting the magistrate judge's resolution of credibility. United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980);[1] see also United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) ("This is not the 'rare case' discussed in Marshall, as the transcript here provides no basis to reject the magistrate judge's credibility findings."). Having concluded that Judge Walker's reasons for finding Defendant's testimony was less than credible were reasonable and justified, and that Defendant presents no articulate basis for rejecting that credibility determination, the Court also rejects Defendant's request for a second evidentiary hearing.

Next, Defendant maintains his position that he was in custody at the time of his interrogation, and that the location of Defendant at his home "did not neutralize

---

[1] In Bonner v. Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

the coercive environment of this interrogation" for Miranda purposes. R&R at 5-6. "A person taken into custody must be advised of his right to remain silent and his right to counsel prior to any interrogation." United States v. Muegge, 225 F.3d 1267, 1269-70 (11th Cir. 2000). In this case, the evidence shows that Defendant was interviewed in his home; agreed to go outside on his deck to be interviewed; was told he was not under arrest, did not have to answer questions, and could stop answering questions at any time; never attempted to leave or refuse to answer questions; never asked to speak with an attorney; and was not arrested at any time during or immediately after the interview. The tone of the interview was conversational and not accusatory and the entire interview lasted only forty-five minutes. On these facts, Judge Walker concluded that Defendant was not in custody when he made statements to agents so that Miranda warnings were not required. R&R at 17-27. This Court, after reviewing the record *de novo*, finds that the Magistrate Judge's conclusions are well-supported and agrees that, under the totality of the circumstances, a reasonable man in Defendant's position would not have believed that his freedom of movement was being restricted or that he was unable to leave. United States v. Phillips, 812 F.2d 1355, 1360 (11th Cir. 1987). Defendant was not in custody when he made statements to law enforcement officers.

Finally, Defendant objects to the Magistrate Judge's holding that no second search warrant to search the contents of his computer was required even though a search warrant was issued for the seizure of Defendant's computer. Def.'s Objs. at 7-8. Defendant previously acknowledged in briefing before the Magistrate Judge that his position was contrary to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, which specifically authorizes a later off-site search of items seized pursuant to a lawful warrant seeking electronically stored information. "Federal courts have generally not required a second warrant to search a properly seized computer where the evidence obtained in the search did not exceed the probable cause articulated in the original warrant." United States v. Ilonzo, No. 1:12-CR-276-SCJ-GGB, 2015 WL 5827598, at *19 (N.D. Ga. Oct. 6, 2015) (quotations and citations omitted). Defendant has cited to no authority which would compel this Court not to apply the general rule. This Court agrees with Judge Walker's finding that Defendant's computer was seized and searched pursuant to a valid warrant.

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 26]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 24] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Motion to Suppress [Doc. 14] and Motion to Suppress Statements [Doc. 15] are **DENIED.**

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on August 4, 2017, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq*.

**IT IS SO ORDERED** this 13th day of September, 2017.

_____
MARK H. COHEN
United States District Judge